UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 11-73-GWU

AVERY COMBS, PLAINTIFF,

VS.            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,  DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

11-73 Avery Combs

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Avery Combs, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of insulin-dependent diabetes mellitus; chronic low back pain with disc bulges in the lumbar spine and a central herniation at L5-S1; bilateral tibial neuritis; hypertension; anxiety; depression; and a history of marijuana abuse allegedly in remission. (Tr. 11). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Combs retained the residual functional capacity to perform a significant number of jobs

existing in the economy, and therefore was not entitled to benefits. (Tr. 15-19). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to lifting 20 pounds occasionally and 10 pounds frequently, with the ability to sit, stand, or walk up to six hours each in an eight-hour day, and also had the following non-exertional restrictions. He: (1) could not climb ladders, ropes, or scaffolds; (2) could occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; (3) could have no exposure to industrial hazards or concentrated vibration; (4) required work with repetitive procedures and no frequent changes in work routines; and (5) should preferably work in an object-oriented environment, involving only occasional interaction with the general public. (Tr. 40-41). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 41-42).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence, or if there is an error of law. Blakley v. Commissioner of Social Security, 581 F.3d 399, 405 (6th Cir. 2009).

Mr. Combs alleged disability primarily due to insulin-dependent diabetes mellitus, which he testified was not controlled even with regular injections (Tr. 29-30), back pain, for which he was taking pain medication and receiving injections,

which gave only temporary relief (Tr. 31-32), and anxiety and depression, which made it difficult for him to be around more than a small number of people (Tr. 33).

Dr. Van S. Breeding, a treating family physician, completed a functional capacity assessment on March 31, 2010 indicating that the plaintiff could lift a maximum of 20 pounds and was limited to standing and walking two hours in an eight-hour day (no more than 30 minutes without interruption) and sitting two hours in an eight-hour day (no more than 30 minutes without interruption), "never" climbing, balancing, crouching, or crawling, and "occasionally" stooping and kneeling. He indicated that his patient also had restrictions on reaching, handling, feeling, pushing, pulling, seeing, and working around heights, moving machinery, temperature extremes, humidity, and vibration. (Tr. 452-54). Dr. Breeding based the restrictions on diabetic neuropathy, degenerative disc disease and back pain, and noted that his patient had a positive MRI. (Id.).

The MRI was obtained on June 4, 2009, soon after a motor vehicle accident. Physical examinations were showing a "tremendous amount" of pain in the lower back. (Tr. 493, 495). The MRI showed annular disc bulges at L3-L4 and L4-L5 with an underlying central herniation at L3-L4. He was referred to a Dr. Mayer at a pain management clinic. (Tr. 478, 481). Unfortunately, there do not appear to be any records from this clinic.

Dr. Breeding's report represents the only opinion regarding the plaintiff's physical capacity from a treating or examining source. The opinion of a treating source is entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). The ALJ gave several reasons for giving Dr. Breeding's opinion little weight. He noted that there was little evidence of diabetic neuropathy, and that most of the plaintiff's diabetic complications would resolve when he was compliant with his medications and diet. (Tr. 17). Regarding the lower back pain, the ALJ described Mr. Combs's "L5-S1 herniation" as a "central herniation that does not cause neural or canal stenosis," and added that no physician of record had ever suggested spinal surgery. (Id.). As previously noted, the MRI showed the central herniation at the L3-L4 level, not L5-S1. In addition, it is not completely true that no physician had ever suggested spinal surgery, since Dr. Shane McDougal, in the same practice as Dr. Breeding, commented on July 23, 2009 that Mr. Combs was "not interested in surgery just yet," which implies that he considered surgery or at least a surgical referral a possibility. (Tr. 481).[1]

---

[1] While there is a history of non-compliance (e.g., Tr. 328-345), Dr. Marlene Bielicki noted on a recent hospital admission in February, 2010 that the plaintiff's blood sugar was extremely high even though he had been compliant with his medications and diet. (Tr. 455-56).

8

11-73  Avery Combs

Consequently, it appears that the ALJ was substituting his opinion of the severity of the plaintiff's back injury for that of the treating physician, and that the reasons given are not well supported. A state agency reviewing source, Dr. Timothy Gregg, the only medical source the ALJ could cite in support of his restrictions, reviewed the evidence on February 9, 2009 (Tr. 292-98), and as such did not have an opportunity to review the evidence or comment on the differing opinion of the treating source, both of which are factors in the weight to be given to a non-examiner's opinion under Social Security Ruling 96-6p.

In view of the weakness of the ALJ's rationale in discounting the treating source opinion, the court concludes that the administrative decision is not supported by substantial evidence. However, the evidence also does not conclusively establish the plaintiff's entitlement to benefits, in view of some lingering questions regarding his compliance with treatment.

The decision will be remanded for further consideration.

This the 22nd day of March, 2012.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**